Bissell, J.,
delivered the opinion of the court.
This suit was begun by the appellee, Clapp, against the county commissioners of Arapahoe county to recover $85.00 a month for three months, February, March and April, 1895, for services alleged to have been rendered to Isham R. Howzei justice of the peace, who was elected to a term beginning in January, 1894, and ending in January, 1896. The complaint *162 stated the rendition of services as clerk to the justice, and a resolution of the board of county commissioners antecedently adopted which provided that the compensation of Clapp as clerk should be $85.00 a month. The plaintiff further stated that he had ever since May, 1894, acted as clerk of the justice, received the compensation paid- by the board until the 8th of February, 1895. The complaint likewise stated the amount of fees paid into the county treasury by the justice, which appeared to be less than the $250 per month provided by the salary bill of 1891, except that it stated there were various unpaid fees in criminal cases which had not been paid by the defendants, and the county had paid the justice only $60.00 per month for the various uncollected sums due from the defendants in that class of prosecutions. The county demurred to the complaint, and the court entered judgment on the demurrer for the plaintiff for the sum which he claimed.
The case lies within very narrow limits, and the only question raised by the record is as to the right of the plaintiff to collect from the county the amount alleged to be due him as his compensation, which was alleged to be a reasonable sum for his services, and concerning the authority of the justice to appoint a clerk and compel the county to pay him. As we read the law, there is no provision of statute which authorizes a justice to appoint a clerk and require the county to pay his compensation. The act of 1891, which turned the various officers in this state from offices which were to, be paid by the fees collected into offices where the incumbents were entitled to a specific salary, was passed by the legislature in 1891 (Session Laws, 1891, page 200). That act specified the fees which might be charged by all the various officers included within its provisions, and of course limited the amounts which these officials could collect and which should make the fund out of which their salaries should come. Another act, passed at the same time, which is found in the same Session Laws, page 307, fixed the salaries of justices in counties of the various classes in the state. No question is made respecting the salary which Howze was entitled to *163 under that act; this was $3,000 per annum. Neither of these acts specifically authorized the justice to employ a clerk, nor fixed any salary which should be paid the clerk, either out of the fee fund or out of the general fund of the county. As we read the law, it was a definite and specific provision which limited the justice to the receipt of the salary named, to wit, $3,000 per year, with the further limitation that this salary, if paid at all, must be paid out of the fees of his office or the fee fund, which is made up of the various sums collected from litigants in the suits commenced in his court, and the $60.00 per month to which he is entitled for unpaid costs in criminal cases. The appellant attempts, from sections 19 and 20 of the act, to deduce an authority to appoint a clerk and compel the county to pay the salary which he should agree to pay him. We are unable to so read the act. Section 19 simply provides that all of the various officers who collect fees which they are bound to pay into the county treasury, and which make up the fee funds out of which their salaries are to be paid, must keep an account of all fees earned, payments received, and expenditures made on account of clerk hire. Section 20 provides that the county judge, clerk of the county court, county treasurer, sheriff, justice and constable should make a report to the chairman of the board of county commissioners, under oath, of all the fees, commissions and emoluments, and of all necessary expenses of clerk hire and other expenses for the month ending at the time the report was made. We are unable to see that this phraseology of section 20 necessarily implies that the justice has authoritj' to appoint a clerk, or if that authority may be therefrom deduced, we are unable to conclude the clerk’s compensation is payable out of any other fund than that which is made up of the fees and emoluments of the office. Several of the officers named are accorded the right to appoint assistants, deputies and clerks, which rebuts the contention that it was the evident intention of the legislature to confer on the justice the power to appoint a clerk. If that position be not well taken, it contains nothing which compels *164 us to conclude that if the authority must be assumed to be granted, the justice can compel the county to pay the clerk’s compensation, unless it is both alleged and proven that the fee fund resulting from his business is ample both to pay the justice and the clerk. This is especially rebutted by the allegations of the complaint, and. we are unable to discover any legislative authority which would justify the board in either hiring or paying a clerk who might be employed by any justice. This whole discussion is entirely outside of the general question as to the authority of the commissioners of ■the county to direct and control the expenditure of the county’s funds and determine the purposes to which they shall be devoted. It simply results from the legislation which evidently intended that the various officers named should charge specific fees for definite work, which should be paid into the county treasury, and the fund resulting therefrom should constitute a fee fund, out of which the salaries and expenses of the various officers should be paid. This seems to be the necessary result of the opinion of the supreme court rendered in response to a resolution of the senate subsequent to the time of the passage of the various acts referred to. In re Compensation of County Judges, 18 Colo. 272.
We are unable to see that the resolution alleged to have been adopted by the board of county commissioners was effective for the purpose of creating a liability against the county. The complaint contains no allegations that the resolution was for a fixed period or a definite time, or that the plaintiff was employed thereunder by the board or by the justice in accordance with it,'or for any specific period. Under these circumstances we deem the resolution ineffective for the purpose of giving the plaintiff a cause of action against the county.
For these reasons the judgment of the court overruling the demurrer was erroneous, and it must therefore be reversed.

Reversed.